ROCA, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 143.—Resuelto en junio 28, 1913.

PERMUTA DE BIENES INMUEBLES—INSCRIPCIÓN DE LA MISMA EN EL REGISTRO.— NOTA MARGINAL.—En este caso se presentó para su inscripción por una de las partes contratantes un contrato por virtud del cual se permutaron dos fincas que se hallaban inscritas en el registro y el registrador inscribió la permuta a favor del contratante que lo solicitó y puso una nota marginal en la inscripción de la otra finca permutada haciendo referencia a la inscripción de la permuta.   Así las cosas, se presentó en el registro una escritura de venta de la finca permutada en cuya inscripción se había puesto la nota, otorgada por quien, segun la nota y la escritura de permuta, ya no era su legítimo dueño, y el registrador se negó a inscribirla.   Se resolvió: que estaba justificada la negativa del registrador a inscribir una escritura de venta que, según los antecedentes del registro mismo, aparecía otorgada por persona que no tenía derecho alguno para ello.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El Registrador, Don Felipe Cuchí, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En 15 de abril de 1913 Emilia Llabrés y Ramos y Rafael Roca y Roca comparecieron ante notario público y otorgaron una escritura por la cual la primera vendió al segundo una finca rústica de cincuenta y dos y media cuerdas que segregó de otra de mayor extensión, inscrita a nombre de la vendedora en el Registro de la Propiedad de Guayama.

Presentada la escritura para su inscripción en el registro, el registrador se negó a ello por medio de la siguiente nota contra la cual interpuso uno de los otorgantes, Rafael Roca y Roca, el presente recurso gubernativo:

"Denegada la inscripción de este documento por aparecer de una nota marginal de la inscripción primera de la finca No. 850, que las 118 cuerdas de las que se segregan las cincuenta y dos y media vendidas, fueron adquiridas por Doña Adelina Ramos en virtud de permuta con la de Doña Emilia Llabrés Ramos, tomándose anotación preventiva de la denegación al folio 133 del tomo treinta y cinco de Guayama, finca No. 1764, anotación letra A. Guayama, abril diez y seis de mil novecientos trece. El Registrador, Felipe Cuchí Arnau."

El recurrente sostiene que no obstante la nota marginal a que se refiere el registrador en su negativa, como la finca aparecía inscrita a nombre de la vendedora, debió verificarse la inscripción a favor del comprador.

El registrador por el contrario sostiene que siguiendo la práctica aconsejada por Galindo y seguida en los registros desde la implantación de la Ley Hipotecaria, cuando se presentó para su inscripción una escritura pública de permuta de fincas rústicas otorgada por Emilia Llabrés y Ramos y Adelina Ramos, la inscribió a nombre de la permutante que solicitó la inscripción y la anotó al margen de la inscripción de la otra finca permutada, y que siendo esto así y apare-

ciendo del registro que Emilia Llabrés se había desprendido de la propiedad de la finca que vendió a Roca por la indicada escritura de 15 de abril de 1913, estaba impedido de verificar la inscripción de esta última escritura.

Cada permuta—dice Galindo—origina dos transferencias de dominio y por lo tanto dos inscripciones; una en favor de cada uno de los permutantes. Si sólo uno de ellos solicita la inscripción, ocurrirá que, según el registro, serán suyas la finca adquirida y la permutada por ella. Ejemplo: Pedro, dueño de la finca A, la permuta por la finca B, que pertenece a Juan. Pedro inscribe a su favor la finca B que ha adquirido, y Juan no inscribe al suyo la finca A; de lo que resulta que Pedro aparece en el registro dueño de ambas fincas. ¿Qué debe hacer el registrador con respecto a la finca cuya inscripción no se solicita? Hay que distinguir. Si las dos fincas radican en el mismo registro, como en la inscripción de la transferencia de dominio a favor de Pedro de la finca B, consta que su dominio sobre la finca A se ha trasladado a Juan, parécenos,—continúa diciendo el Sr. Galindo,—que puede considerarse este caso como comprendido en el artículo 29 de la ley, que es una excepción en cierto modo del 23 de la misma. En él se consigna el principio de que el dominio que se mencione expresamente en las inscripciones, aunque no conste en el registro por medio de una inscripción separada y especial, surte efecto contra tercero.

Aplicando esta doctrina, por el hecho de constar en el registro, aunque no en inscripción especial y separada el dominio de Juan sobre la finca A, Pedro no podrá disponer de ella, y si dispusiese no trasladaría el dominio al comprador en perjuicio de Juan, verdadero dueño. Como Pedro podría exigir certificación de que la finca A aparecía inscrita a su nombre, sin que esa inscripción se hallase cancelada, y en vista de esa certificación comprarla un tercero, y como no sería justo que se protegiese los intereses de Juan, que había descuidado su derecho de inscribir, en perjuicio de tercero

que había comprado de quien, según certificación, aparecía dueño de la finca, necesario es ocurrir a éste daño, mayor que aquél; porque pesaría sobre quien, habiendo hecho las diligencias necesarias, era víctima de un engaño oficial. Es pues nuestra opinión,—dice el comentarista citado,—que el registrador al inscribir la finca B a nombre de Pedro, debe poner en el asiento de la finca A, una nota de referencia a la inscripción de la finca B y reducida a decir: "Permutada esta finca con la del número tantos. según la inscripción de la misma números tantos." De esta manera, al pedirle certificación o noticias de la pertenencia de la finca A, podrá darlas completas y evitar el estelionato, cumpliéndose de este modo el fin principal de la Ley Hipotecaria. Como consecuencia de lo dicho, si a pesar de todas estas precauciones la enajenación a tercero se llevase a cabo, el registrador debería negar la inscripción, fundándose en que del registro aparecía ser otro el dueño de la finca vendida. Véase Galindo, Legislación Hipotecaria, tomo 1, páginas 323, 324 y 325.

La opinión del más autorizado de los comentaristas de la Ley Hipotecaria, nos parece justa y en armonía con los principios que informan dicha ley. Además, ha sido seguida en los registros de la propiedad y es hoy práctica en los mismos.

Y, como, por otra parte, no se nos ha citado por el recurrente, ni hemos podido encontrar ley o jurisprudencia alguna que se opongan a la opinión y práctica indicadas, no podemos concluir, como pretende el recurrente, que sea errónea la negativa del registrador a inscribir la escritura de venta de que se trata en este caso.

El recurso debe declararse sin lugar y confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Aldrey.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

En el presente caso me veo obligado a disentir de la opinión de la mayoría del tribunal.

Es cierto, como expresa Galindo, que cada permuta origina dos transferencias de dominio, pero sostener que la permuta da lugar a dos inscripciones es prácticamente girar en un círculo vicioso. La permuta no es suficiente por sí para producir inscripciones en el registro. La Ley Hipotecaria exige que se cumpla con ciertos requisitos antes de que pueda hacerse cualesquiera inscripciones, siendo uno de los más esenciales de estos requisitos, que la escritura se haya presentado al registro para su inscripción. Si Juan adquiere la finca A mediante permuta con Pedro y solicita la inscripción a su nombre de dicha finca, no es cierto que dicha solicitud por parte de Juan produce una inscripción en el registro a favor de Pedro, de la finca B que ha sido traspasada por permuta. Para que Pedro pueda obtener una inscripción a su favor, debe presentar la correspondiente escritura al registrador.

El registrador es el agente de la persona que solicita la inscripción, y es a las personas que inscriben sus derechos de propiedad a las que la Ley Hipotecaria favorece, convirtiendo al registrador en un agente de las mismas. Creo que esto resulta evidente de un examen que se haga de los varios artículos de la Ley Hipotecaria, de los cuales citaré algunos.

El artículo 3 de la Ley Hipotecaria preceptúa que para que pueda llevarse a cabo la inscripción de una finca es necesario que el título conste en un documento público, y este concepto de documento público de ningún modo puede incluir o comprender las manifestaciones hechas en un asiento de inscripción de una finca distinta, inscrita bajo número propio independiente.

El artículo 9 de la misma ley establece los requisitos que debe comprender los asientos de inscripción y entre ellos cita el nombre de la persona a favor de quien se hace la ins-

cripción y la fecha de la presentación del documento en el registro, o sea el nombre de la persona que solicite del registrador que se extienda el asiento de inscripción.

El artículo 13 de la misma Ley Hipotecaria de una manera expresa se refiere a la inscripción de determinadas servidumbres y esto demuestra claramente que el legislador ha sabido emplear palabras concretas y específicas cuando quiere imponer un deber adicional al registrador.

El artículo 23 de la misma ley, y éste es uno de los más importantes, prevee que los títulos mencionados en los artículos 2 y 5 de dicha ley que no hayan sido debidamente inscritos o anotados no pueden perjudicar a tercero. Para que un tercero pueda ser perjudicado por un título inscrito es necesario que la inscripción de ese título se haya hecho a petición de parte legítima o de oficio por el registrador, en cumplimiento de un mandato claro y terminante de la Ley Hipotecaria. Los consejos que puedan dar los comentaristas pueden ser muy atendibles cuando se trata de un asiento sin importancia, de mera tramitación, pero nunca cuando pueden producir el efecto gravísimo de perjudicar a un tercero anulándole los derechos adquiridos en virtud de un contrato de venta otorgado por la persona que según el registro tenía la finca a su favor. La Ley Hipotecaria no es más que una serie de conceptos encaminados a proteger a terceros y no existe ni en la letra ni en su espíritu declaración alguna que obligue a un registrador a trasladar un asiento o una anotación que perjudique y anule los derechos de un tercero.

El artículo 25 de dicha ley dispone que los títulos inscritos perjudican a tercero desde la fecha de su inscripción.

Estudiando ahora las anotaciones, y téngase presente que no nos referimos a esas anotaciones claramente definidas y ordenadas en la Ley Hipotecaria cuando se trata de descripción de finca o de otra semejantes, vemos que la Ley Hipotecaria tal como fué redactada originalmente no contiene precepto alguno que imponga al registrador de trasladar ano-

tación alguna hasta que se le solicite en debida forma, y dicha ley le exige al registrador que extienda una anotación sin petición de parte interesada, únicamente cuando deniegue la inscripción de un documento.

En el caso de autos es evidente que el registrador no tenía la obligación de trasladar la nota que ha servido de base para denegar la inscripción del documento objeto de este recurso. El recurrente teniendo como tiene el carácter de tercero únicamente puede ser perjudicado por las inscripciones o anotaciones *debidamente* hechas, máxime si se tiene en cuenta que la ley no impone a un comprador el deber de examinar todos los libros del registro.

Las únicas notas marginales a las cuales hace referencia el reglamento de la Ley Hipotecaria, están expresadas en los artículos 81, 82, 158, 179 y 229, de los cuales los dos primeros artículos han sido derogados por la ley de 1902. En casi todos los artículos citados anteriormente, la ley expresamente le dice al registrador lo que tiene que hacer, siendo de aplicacion la máxima *expressio unius est exclusio alterius.* Además, en los artículos 11 y 16 de la Ley Hipotecaria se hace especial mención acerca de las permutas, según los cuales se ve que la legislatura tuvo en cuenta las permutas, y esto, no obstante, ni en dichos artículos ni en ninguna otra parte de la ley se exige al registrador que lleve a afecto la nota marginal que ha dado origen a esta apelación.

Sostengo que la anotación hecha por el registrador sin que fuera solicitada por ninguna persona ni autorizada por la ley es enteramente nula. Y el caso no varía por el hecho de que se hagan en el registro ciertas anotaciones que no están autorizadas, pues un tercero no está obligado a ir al registro para cerciorarse si se han hecho anotaciones, pero si no lo hace, será castigado de acuerdo con la Ley Hipotecaria por cualquier inscripción o anotación que se haya hecho debidamente en su contra. Pero según hemos dicho anteriormente, la inscripción debe ser hecha debidamente por el registrador.

En realidad deben existir algunas razones por las cuales Doña Adelina Ramos nunca inscribió su finca permutada con Emilia Llabrés y Ramos, y puede ser que esta última fuera en la época en que hizo la venta a Rafael Roca, la dueña de la finca que trató de traspasar. Si ella hizo primeramente una permuta de la finca con Adelina Ramos y luego vendió fraudulentamente dicha finca a Rafael Roca, el acto relativo a la venta hecha a Roca, sería un delito castigado por el Código Penal de Puerto Rico, en su artículo 471. La presunción de inocencia está en contra de tal teoría.

Se ha sugerido que si bien Rafael Roca y Roca que es el recurrente en este caso puede ser tercero y con derecho a inscribir su finca en el registro, sin embargo, la anotación preventiva hecha por el registrador tendría que ser cancelada primeramente; pero puede contestarse este argumento con el mismo razonamiento anterior. El artículo 82 de la Ley Hipotecaria dispone que "las inscripciones o anotaciones preventivas hechas en virtud de escritura pública, no se cancelarán, etc.," pero la inscripción de que habla dicho artículo es aquella que se hace por virtud de escritura pública y no por virtud de los actos voluntarios del registrador. Habiendo sido presentado este caso a la consideración de este tribunal mediante un recurso gubernativo, la corte debió haber ordenado al registrador que procediera a hacer la inscripción de la escritura presentada, y de ser necesario, cancelar la nota marginal que fué hecha indebidamente.